**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLIFFORD B. GUILLORY,            )<br>                                                   )<br>              Plaintiff,               )<br>                                                   )<br>vs.                                            )<br>                                                   )<br>MICHAEL J. ASTRUE,             )<br>Commissioner of Social Security, )<br>                                                   )<br>              Defendant.            )<br>_____) | No. CV-11-196-TUC-BGM<br><br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Motion for Summary Judgment [Doc. 20]. A response and reply have been filed. Plaintiff brings this cause of action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). The United States Magistrate Judge has received the written consent of both parties, and presides over this case pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure.

**I.    BACKGROUND**

On June 25, 2007, Plaintiff filed an initial application for Social Security Disability Insurance Benefits ("SSDIB") due to a disabling condition that arose on January 18, 2007. *See* Administrative Record ("A.R.") at 92-99. The Social Security Administration ("SSA") denied this application on September 10, 2007. *Id.* at 70. On February 28, 2008, Plaintiff filed a second application for SSDIB, again due to a disabling condition that arose on January 18, 2007. *See id.* at 100-4. On May 8, 2008, SSA denied Plaintiff's second application for

benefits. *Id*. at 74. Plaintiff was unrepresented at the time of filing his initial applications. *Id.* at 92, 100. On June 26, 2008, Plaintiff retained counsel and filed his request for reconsideration. A.R. at 78-80. On November 26, 2008, upon reconsideration, SSA again denied benefits. *Id.* at 81. Plaintiff filed his request for hearing on December 12, 2008. *Id.* at 84. On October 14, 2009, a hearing was held before Administrative Law Judge ("ALJ") Norman R. Buls. *Id.* at 31. The ALJ issued an unfavorable decision on April 6, 2010. *Id.* at 12-23. On April 29, 2010, Plaintiff requested review of the ALJ's decision by the Appeals Council. A.R. at 11. On March 16, 2011, Plaintiff's appeal was denied. A.R. at 1. Plaintiff filed this cause of action on April 1, 2011. Compl. [Doc. 1].

Plaintiff began serving in the United States Navy in August, 1983. A.R. at 184. Twenty (20) years later, on or about September, 2003, he was honorably discharged. *Id*. at 1174. The administrative record contains Plaintiff's medical records regarding his physical health, prior to discharge, beginning on May 7, 2003. *Id.* at 1196. On May 9, 2003, Plaintiff received a general psychiatric examination. *Id.* at 1212. Subsequent to retirement from the U.S. Navy, Plaintiff has consistently sought treatment at the Southern Arizona Veterans' Association ("VA") Health Care System ("HCS"). *Id.* at 277-365, 380-1112, 1139-1495. On July 17, 2007, the VA issued its Rating Decision to Plaintiff finding an entitlement to individual unemployability effective February 9, 2007. A.R. at 1173. The VA found Plaintiff to have a "a combined evaluation of 80 percent . . . [thereby] meet[ing] the schedular requirements for individual unemployability" and based its findings upon "[s]ervice connected disabilities currently evaluated as 50 percent for obstructive sleep apnea; 50 percent for bipolar disorder; 10 percent for post traumatic vertigo; 10 percent for tinnitus; 10 percent for cystic acne; 0 percent for GERD; 0 percent for status post removal of nevi, chest and back and 0 percent for herpes simplex virus." *Id.* at 1174; *see also* A.R. at 122.

Pursuant to request by the Commissioner, Plaintiff was examined by Randy SooHoo, M.D., MPH, FACOEM. A.R. at 366-71. Prior to examination, Dr. SooHoo reviewed Plaintiff's medical records. *Id.* at 366. Dr. SooHoo stated the reason for the evaluation as

1  "an internal medicine consultation to address is [sic] allegations of 'sleep apnea, lumbar
2  spine bulging disc and degeneration, torn tendon in right biceps, posttraumatic vertigo,
3  tinnitus and carpal tunnel syndrome[.]'" *Id.*  Plaintiff's medical records were reviewed by
4  Robert S. Hirsch, M.D. and Randall J. Garland, Ph.D.  A.R. at 1113-20; 1121-38.  These
5  findings were affirmed upon reconsideration.  *Id*. at 1330, 1331.

## II.   STANDARD OF REVIEW

The factual findings of the Commissioner shall be conclusive so long as they are based upon substantial evidence and there is no legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  This Court may "set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole."  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).

Substantial evidence is "more than a mere scintilla, but not necessarily a preponderance."  *Tommasetti*, 533 F.3d at 1038 (quoting *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003)); *see also Tackett*, 180 F.3d at 1098.  Further, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  Where "the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ."  *Tackett*, 180 F.3d at 1098 (citing *Matney*, 981 F.2d at 1019); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).  Moreover, the court may not focus on an isolated piece of supporting evidence, rather it must consider the entirety of the record weighing both evidence that supports as well as that which detracts from the Secretary's conclusion.  *Tackett*, 180 F.3d at 1098 (citations omitted).

. . .
. . .
. . .

## III. ANALYSIS

The Commissioner follows a five-step sequential evaluation process to assess whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). This process is defined as follows: Step One asks is the claimant "doing substantial gainful activity[?]" If yes, the claimant is not disabled; Step Two considers if the claimant has a "severe medically determinable physical or mental impairment[.]" If not, the claimant is not disabled; Step Three determines whether the claimant's impairments or combination thereof meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1. If not, the claimant is not disabled; Step Four considers the claimant's residual functional capacity and past relevant work. If claimant can still do past relevant work, then he or she is not disabled; Step Five assesses the claimant's residual functional capacity, age, education, and work experience. If it is determined that the claimant can make an adjustment to other work, then he or she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v). In the instant case, the ALJ found that Plaintiff was not engaged in substantial gainful activity since January 18, 2007. A.R. at 17. Plaintiff was determined to have the following severe impairments: "peripheral vascular disease; a history of right biceps tendon rupture; a history of a bipolar disorder; posttraumatic stress disorder; and drug abuse." *Id.* The ALJ further found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 18. Plaintiff asserts that the Commissioner "failed to apply the proper legal standards in evaluating the Veterans' Affairs Adjudicated Findings." Pl.'s Mot. for Summ. J. [Doc. 20-1] at 6. Plaintiff further avers that the Commissioner erred in applying "the Medical Vocational Guidelines ("Grid") in spite of [Claimant's] significant non-exertional impairments." *Id.* at 7.

### A.    *Veterans' Affairs Disability Rating*

"[A]lthough a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Furthermore,

"[b]ecause social security disability and VA disability programs 'serve the same governmental purpose – providing benefits to those unable to work because of a serious disability,' the ALJ must give 'great weight to a VA determination of disability.'" *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (quoting *McCartey*, 298 F.3d at 1076). "Nevertheless, '[b]ecause the VA and SSA criteria for determining disability are not identical,' [the Ninth Circuit Court of Appeals has] allowed an ALJ to 'give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (quoting *McCartey*, 298 F.3d at 1076). Noting "that the SSA is not bound by the VA's determination[, however,] is not a 'persuasive, specific, valid reason[ ]' for discounting the VA determination." *Berry v. Astrue*, 522 F.3d 1228, 1236 (9th Cir. 2010).

Here, the ALJ apparently did not give any weight to the VA's finding of disability. The record reflects a passing reference to the VA's findings, and then the ALJ went on to perform his own analysis. His decision states, in relevant part:

> The medical evidence consists of voluminous progress notes and other treating records from the Veterans Administration (VA) Medical Center (Exhibits 5F, 8F, 12F, 13F, 14F, and 17F). The undersigned notes at the outset that the claimant was awarded service-connected disability benefits from the VA effective February 2007 due to obstructive sleep apnea, a bipolar disorder, posttraumatic vertigo, tinnitus, and cystic acne (Exhibit 12F, pp. 35-39 and Exhibit 4E). However, it is emphasized that the Social Security Administration is not bound by disability determinations made by other governmental agencies (20 CFR 404.1504). Additionally, the medical evidence in this case shows that while the claimant has numerous severe and non-severe physical and mental conditions, his treatment has largely been of a conservative and symptomatic nature.

A.R. at 19. The ALJ goes on to provide a brief summary of the medical care received by Plaintiff, concluding "[n]otably, the claimant was not awarded any disability benefits by the VA for a mental condition." *Id.* This last statement is unsupported by the record.

The VA found Plaintiff to have a "a combined evaluation of 80 percent . . . [thereby] meet[ing] the schedular requirements for individual unemployability" and based its findings

1  upon "[s]ervice connected disabilities currently evaluated as 50 percent for obstructive sleep
2  apnea; 50 percent for bipolar disorder; 10 percent for post traumatic vertigo; 10 percent for
3  tinnitus; 10 percent for cystic acne; 0 percent for GERD; 0 percent for status post removal
4  of nevi, chest and back and 0 percent for herpes simplex virus." A.R. at 1174; *see also* A.R.
5  at 122. An evaluation of 50 percent in the General Rating Formula for Mental Disorders is
6  assigned to "[o]ccupational and social impairment with reduced reliability and productivity
7  due to such symptoms as: flattened affect; circumstantial, circumlocutory, or sterotyped
8  speech; panic attacks more than once a week; difficulty in understanding complex
9  commands; impairment of short and long-term memory (e.g., retention of only highly learned
10 material, forgetting to complete tasks); impaired judgment; impaired abstract thinking;
11 disturbances of motivation and mood; difficulty in establishing and maintaining effective
12 work and social relationships." 38 C.F.R. § 4.130. As such, the record reflects that the VA's
13 disability finding was based in part on Plaintiff's bipolar disorder, a mental condition.

14 The Commissioner argues that the ALJ correctly found that "[d]espite ongoing care
15 there have been no significant abnormalities or complications from any of the claimant's
16 conditions. Many of the progress records merely reflect medication management and basic
17 health-maintenance." A.R. at 20. The Commissioner urges that these observations in
18 addition to "[t]he fact that Plaintiff's physical and mental conditions proved amenable to
19 primarily conservative treatment" are sufficient reasons to give less weight to the VA
20 determination. Def.'s Resp. to Mot. for Summ. J. [Doc. 21] at 8. The Commissioner further
21 asserts that the ALJ properly relied on Dr. SooHoo's examination of Plaintiff as undermining
22 the VA determination and a finding of disability in the Social Security context. *Id.*

23 As an initial matter, Dr. SooHoo described his examination of Plaintiff as "an internal
24 medicine consultation to address is [sic] allegations of 'sleep apnea, lumbar spine bulging
25 disc and degeneration, torn tendon in right biceps, posttraumatic vertigo, tinnitus and carpal
26 tunnel syndrome[.]'" A.R. at 366. Dr. SooHoo did not address any of Plaintiff's mental
27 disorders. As such, his findings fail to address the totality of the Plaintiff's conditions as
28

addressed by the VA. Furthermore, the ALJ makes no suggestion as to what other type of treatment Plaintiff should have sought or received. *See Lapeirre-Gutt v. Astrue*, 2010 WL 2317918, *1 (9th Cir. June 9, 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.") (pursuant to Ninth Circuit Rule 36-3, cited for persuasive value). Plaintiff's medication list contains ongoing prescriptions targeted for depression, anxiety, muscle spasms and tremors. A.R. 1343-67. Additionally, the VA's finding of disability occurred eight months prior to Plaintiff's hospitalization for a major depressive episode. A.R. 458-71; 1174. As such, the Court finds that the ALJ failed to give persuasive, specific, valid reasons for disregarding the VA disability rating.

### B. Determination of Benefits

"'[T]he decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court.'" *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989) (*quoting Stone v. Heckler,* 761 F.2d 530, 533 (9th Cir. 1985)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart,* 379 F.3d 587, 593, (9th Cir. 2004) (*citing Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000)). Conversely, remand for an award of benefits is appropriate where:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke,* 379 F.3d at 593 (citations omitted). Where the test is met, "we will not remand solely to allow the ALJ to make specific findings. . . . Rather, we take the relevant testimony to be established as true and remand for an award of benefits." *Id.* (citations omitted); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ failed to heed Ninth Circuit precedent and give the VA disability rating great weight. *See McCartey*, 298 F.3d at 1076; A.R. at 19. The record before the Court is expansive and fully developed. Properly crediting the disability evaluation of the VA, the

- 7 -

ALJ would be required to find Plaintiff is disabled. *See Davis v. Astrue*, 2009 WL 1227870, *3 (D. Or. 2009). Accordingly, the final decision of the Commissioner denying Plaintiff's application for benefits is reversed and remanded for an award of benefits.

    *C.*    *ALJ's Reliance on the Medical Vocational Guidelines*

In light of this Court's finding that this matter shall be remanded to the ALJ for an award of benefits based upon his failure to give proper weight to the VA disability determination, the Court declines to address whether his reliance on the Medical Vocational Guidelines was appropriate in this case.

Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff's Motion for Summary Judgment [Doc. 20] is GRANTED;

2) The Commissioner's decision is REVERSED and REMANDED for calculation and award of benefits. 42 U.S.C. § 405(g).

3) The Clerk of the Court shall enter judgment, and close its file in this matter.

DATED this 13th day of September, 2012.

                                    Bruce G. Macdonald
                                    United States Magistrate Judge

- 8 -